IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLES WILLIAMS, 1386390, )
       Petitioner, )
        )
v. ) No. 3:11-CV-847-P
        )
RICK THALER, Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division, )
       Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for possession of a controlled substance, methamphetamine, with intent to deliver, enhanced by two prior felony convictions. *State of Texas v. Charles Williams*, No. F-0627918-TK (4th Crim. Dist. Ct., Dallas County, Tex., July 16, 2006). Petitioner entered an open plea to the charge, the enhancement paragraphs and to a deadly weapon finding. The court sentenced Petitioner to twenty-five years in prison.

On October 12, 2007, Petitioner filed a state habeas petition arguing that his counsel was ineffective because he failed to file an appeal. *Ex parte Williams*, No. 69,268-01. On February 13, 2008, the Court of Criminal Appeals granted Petitioner leave to file an out-of-time appeal.

On February 19, 2008, Petitioner filed his notice of appeal. On November 20, 2009, the Fifth District Court of Appeals affirmed the conviction and sentence. *Williams v. State*, No. 05-08-00234-CR (Tex. App. – Dallas 2008, no pet.). Petitioner did not file a petition for discretionary review ("PDR").

On October 22, 2010, Petitioner filed a state application for writ of habeas corpus. *Ex parte Williams*, Application No. 75,845-02. On January 12, 2011, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On April 18, 2011, Petitioner filed this federal petition. He argues:

(1) he received ineffective assistance of counsel when counsel:

    (a) failed to file a motion to suppress;

    (b) failed to object to the state's late-filed notice of its intent to seek a deadly weapon finding;

    (c) failed to adequately prepare for trial;

    (d) advised Petitioner to enter an open plea rather than accepting the state's fifteen year plea offer;

(2) his guilty plea was involuntary;

(3) the deadly weapon finding was error because he did not use a weapon when committing the offense;

(4) the weapon should have been suppressed because it was the product of an illegal search and seizure.

On June 24, 2011, Petitioner filed a supplement to his petition. On August 25, 2011, Petitioner filed an amended petition. On October 5, 2011, Respondent filed his answer. On

October 17, 2011, Petitioner filed supplemental arguments. On January 5, 2012, Petitioner filed his reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2)

On November 20, 2009, the Fifth District Court of Appeals affirmed the conviction and sentence. Petitioner did not file a PDR. His conviction therefore became final thirty days later, on December 21, 2009. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until December 21, 2010, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On October 22, 2010, Petitioner filed a state petition for writ of habeas corpus. This petition tolled the limitations period for 83 days, until the Court of Criminal Appeals denied the petition on January 12, 2011. When 83 days are added to Petitioner's December 21, 2010, deadline, his new deadline became March 14, 2011. Petitioner did not file his petition until April 18, 2011. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

---

through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner states he did not timely file his federal petition because he was trying to obtain a statement from Colleen O'Bryan that she did not give consent for the police to search her apartment were the gun was found. The statement from O'Bryan, however, was dated August 4, 2010. (*Ex parte Williams*, No. 69,268-02 at 36.) Petitioner did not file his state petition until October 22, 2010. Further, after his state petition was denied on January 12, 2011, he did not file his federal petition until April 18, 2011. Moreover, Petitioner was convicted in 2006. He fails to show he diligently pursued obtaining this statement or his habeas remedies. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 28th day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).